

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 13, 1959

Hon. Harold B. Parish, Chairman
Privileges, Suffrages and
Election Committee
House of Representatives
Austin, Texas

Opinion No. WW 572

Re: Constitutionality
of H.B. 17 and H.B.
26, 56th Leg., re-
lating to declara-
tion of party affili-
ation.

Dear Mr. Parish:

    This is in response to your request for the opinion of this office as to the constitutionality of H.B. 17 and H. B. 26.

    H. B. 26 proposes to amend the election code of this State by adding thereto a new section immediately after Section 179, which is codified as Article 1301 of Vernon's Election Code. In general this bill prescribes certain qualifications and conditions which a voter must meet to be qualified to vote in the primary elections of a political party and participate in the conventions and other affairs of the party. In order to vote in the primary elections and to participate in the conventions and affairs of the political party, the voter must designate his party affilia- tion at the time he applies for his poll tax receipt or exemption certificate, or he may decline to so classify himself with respect to party affiliation. Persons who have not designated political party affiliation are disqualified to participate in the election and convention procedures. Any person who has designated a party affiliation in such manner may thereafter change such political party affilia- tion during the year for which his poll tax receipt or exemption certificate is effective, or any person who has declined to declare political party affiliation in his initial application may at any time within a period beginning the first day of October and ending 30 days preceding the primary election or convention in which he desires to vote or participate, declare himself to be a member of a single political party by appearing before the county tax assessor-collector and making the required declara- tion, whereupon he is issued a party affiliation certificate.

The Act further provides that any person who votes or attempts to vote in a primary election held by a political party on a certification of declaration of party affiliation other than the one most recently issued to him shall be guilty of a misdemeanor and subject to a fine of not less than $20.00 nor more than $200.00.

H.B. 17 provides that every poll tax receipt issued shall, among other items, show the political party affiliation of the taxpayer, the purpose thereof being stated in the emergency clause as providing a method whereby a person may list his political party affiliation in order to be eligible to vote in the primaries.

The right of a citizen to cast his ballot and thus participate in the selection of those who control his government is one of the fundamental prerogatives of citizenship. Sanchez v. Bravo, 251 S.W. 2d 935, 938 (Tex.Civ.App. 1952). Grave doubt arises as to the validity of any act which operates as an interference with the privilege of free suffrage guaranteed by our Constitution. Westerman v. Mims, 111 Tex. 29, 227 S.W. 178, 181 (1921).

The qualifications of a voter in this State are defined in Article VI, Section 2 of the Constitution. The Supreme Court of Texas in a recent case clearly pointed out that the Legislature is not authorized to prescribe any other standard for voters than that of qualified electors as defined in the Constitution. In King v. Carlton Independent School District, 156 Tex. 365, 295 S.W. 2d 408, (1956) Chief Justice Hickman said:

"Article VI, Section 2, of the Constitution defines a qualified voter in this language:

"'Every person subject to none of the foregoing disqualifications who shall have attained the age of twenty-one (21) years and who shall be a citizen of the United States and who shall have resided in this State one (1) year next preceding an election and the last six (6) months within the district or county in which such person offers to vote, shall be deemed a qualified elector; * * *' * * *

"Any qualified elector, as defined by that Article, is entitled to vote in any election

other than one for which additional quali-
fications are prescribed by some other
provision of the Constitution. The Legis-
lature was not authorized to prescribe
any other standard for voters at the
adoption election than that of qualified
electors as defined by Article VI,
Section 2."

It is apparent that the proposed legislation would
add an additional standard over and above the constitu-
tional definition of a qualified elector, namely, that
said voter shall, either at the time of the payment of
his poll tax or in any event no later than thirty days
prior to the primary election, then declare his party
affiliation which in turn is made a condition or quali-
fication of his voting in the primary elections. The
qualifications of a voter are prescribed in the Constitu-
tion and the imposition of this additional qualification
is therefore unconstitutional.

The question remains as to whether primary elections
are the type elections in which a qualified voter has any
fundamental prerogative or constitutional right of partici-
pation, or whether such rights relate only to a general
election. While it has been ably contended to the contrary,
it is clear that the Supreme Court of the United States
has foreclosed this question and that the right to vote
in a primary election for the nomination of candidates,
like the right to vote in a general election, is a right
secured by the Constitution. Smith v. Allwright, 64
S.W. 757, 321 U.S. 649, 88 L. Ed. 987; Terry V. Adams,
73 S. Ct. 809, 345 U. S. 461, 97 L. Ed. 1152.

This opinion is limited to the conflict of the
proposed legislation with the constitutional qualifica-
tions of a voter to participate in elections.

S U M M A R Y.

Insofar as H. B. 17 and H. B. 26 attempt
to prescribe as a qualification for partici-
pation in primary elections that a voter

otherwise qualified under the Constitution designate his political choice prior to said election, they conflict with the provisions of Article VI, Section 2 of the Constitution and are unconstitutional.

Yours very truly

WILL WILSON
Attorney General of Texas

By: Morgan Nesbitt
Assistant Attorney General

MN/fb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Dean Davis

Riley Fletcher

John Webster

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert